*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D L-J D, Minor.

UNPUBLISHED
March 14, 2024

No. 368638
Montcalm Circuit Court
Family Division
LC No. 2022-001061-NA

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent's biological child was removed from her care after petitioner received reports of respondent's substance-abuse issues. The child was placed with his biological father, and the trial court terminated respondent's parental rights. We affirm.

A witness observed respondent smoking methamphetamine while her child was covered in feces and left alone in a bathroom. Respondent waived her probable-cause hearing, and the trial court held that the child was without proper care and custody given respondent's substance-abuse issues. Petitioner referred respondent to several services, in accordance with her parenting-treatment plan, to address her substance-abuse issues, mental-health issues, and lack of proper parenting skills.

The child's biological father was included in the petition, and petitioner also gave him a parenting-treatment plan. During the pendency of the case, the child's father successfully completed his parenting-treatment plan, and he benefitted from the services that were offered to him by petitioner. The trial court dismissed the case concerning the father, and it returned the child to the father's care and custody.

At a later hearing, the trial court ordered petitioner to proceed with the termination of respondent's parental rights, despite the child being placed with the father, because respondent had not made any progress in her parenting-treatment plan and she had shown no inclination to participate in the services she was offered.

The trial court then held respondent's termination hearing, and the foster-care worker assigned to the child's case testified that respondent did not complete any individual counseling, substance-abuse treatment programs, or trauma-informed parenting classes. Additionally,

-1-

respondent tested positive for methamphetamine, amphetamine, and marijuana use on all of her drug screens, and she only attended two of her eight scheduled parenting-time visits with the child before her parenting-time visits were suspended by the trial court because she was not participating in her parenting-treatment plan. Respondent did not attempt to reinstate her parenting-time visits with the child throughout the pendency of the case, and she had not seen the child in over a year at the time of the termination hearing.

The trial court concluded that statutory grounds for termination existed under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). The trial court also found that it was in the best interests of the child to terminate respondent's parental rights because respondent did not show any love or affection for the child. Respondent did not attend her parenting-time visits with the child, did not address her substance-abuse or mental-health issues, and made no indication that she could support the child. Further, the trial court stated that there was "not one factor under the child custody act where it would not be in the best interest of the child to terminate parental rights" in this case.

After the trial court made its ruling, the lawyer-guardian ad litem who was assigned to the child mentioned that the child was placed with his father, and the trial court acknowledged the placement and held that it was going to "leave it that way with regards to [respondent]."

Respondent now appeals.

Respondent argues, solely, that the trial court erred in finding that the termination of her parental rights was in the child's best interests. Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012), citing MCL 712A.19b(5). We review for clear error the trial court's decision regarding the best interests of the child. See *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013).

When considering best interests, the focus is on the child rather than the parent. *Id*. at 87. "The trial court should weigh all the evidence available to determine the child's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court may consider such factors as "the child's bond to the parent[;] the parent's parenting ability[;] the child's need for permanency, stability, and finality[;] and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App at 41-42 (cleaned up). Other factors the trial court may consider include the "parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

In this case, there was no indication that respondent had a bond with the child given that respondent missed the majority of her parenting-time visits with the child and then went more than a year without trying to reinstate the visits so that she could see the child. Furthermore, respondent continued to engage in substance abuse as demonstrated by her drug screens that showed her use of methamphetamine and amphetamine. Respondent's inconsistent participation with her

parenting-treatment plan demonstrated that the termination of her parental rights was in the best interests of the child.

Respondent argues on appeal, however, that the trial court erred by not considering the child's placement with his father during the termination hearing because our Supreme Court has held that a child's placement with a relative is an "explicit factor to consider in determining whether termination was in the [child's] best interests." *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). Accordingly, "[a] trial court's failure to explicitly address whether termination is appropriate in light of the [child's] placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts*, 297 Mich App at 43.

MCL 712A.13a(1)(j) was amended on October 7, 2022 to include persons who are "related to the child within the fifth degree by blood, marriage, or adoption" into the definition of "relative." Thus, with this amendment, a biological parent is a relative for the purposes of placement.

Even though the trial court did not use the phrase "relative placement" when discussing the child's placement with his biological father, our Supreme Court has not required trial courts to use "magic words" or formulaic pronouncements when making a determination that is required by a statute. See *People v Babcock*, 469 Mich 247, 259 n 13; 666 NW2d 231 (2003). Instead, trial courts are only required to make brief, definite, and pertinent findings. See MCR 3.922(*l*)(1). Findings of fact are sufficient if it "appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be facilitated by requiring further explanation." *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015) (cleaned up).

The trial court was aware that the child was placed with his biological father after it ordered the child to return to the father's care following the father's successful completion of his parenting-treatment plan. Further, the trial court instructed petitioner to proceed with the termination of respondent's parental rights despite the child being placed with father, and the trial court responded to the legal-guardian ad litem's statement at the termination hearing, that the child was placed with his biological father, by holding that it was going to "leave it that way with regards to [respondent]."

Lastly, and perhaps most significantly, the trial court stated that there was "not one factor under the child custody act where it would not be in the best interest of the child to terminate parental rights" in this case, which includes the child's relative placement. Thus, we are not left with a definite and firm conviction that the trial court made a mistake when it found that the termination of respondent's parental rights was in the best interests of the child.

Affirmed.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Christopher P. Yates